IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARKELA LEWIS, Individually, ARKELA
LEWIS, on behalf of the
Wrongful Death Beneficiaries of
JAYLEN LEWIS, Deceased, and
ARKELA LEWIS, as Administratrix of
the Estate of JAYLEN LEWIS, Deceased             PLAINTIFF

v.             CAUSE NO. 3:25-cv-721-KHJ-MTP

MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY; MISSISSIPPI
CAPITOL POLICE DEPARTMENT;
STEVEN R. FREDERICK, JR.;
MICHAEL L. RHINEWALT; WESLEY
LUCKEY; JOHN DOES NOS. 1-10             DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
MISSISSIPPI DEPARTMENT
OF PUBLIC SAFETY, MISSISSIPPI CAPITOL POLICE DEPARTMENT, AND
WESLEY LUCKEY**

---

COME NOW defendants Mississippi Department of Public Safety, Mississippi Capitol Police Department, and Wesley Luckey, by and through counsel, and, in support of their *Motion to Dismiss,* submit the following authorities and argument for the Court's consideration;

### Introduction

Plaintiff herein is the second claimant to file suit against these defendants arising out of the death of Jaylen Lewis on September 25, 2022. The same federal claims asserted against these Defendants herein have been judicially resolved in favor of these Defendants in the first suit, being there dismissed with prejudice. Plaintiff's federal claims herein should also be dismissed

1

under the doctrine of judicial estoppel. The instant suit is the second claim for alleged wrongful death of Jaylen Lewis against these Defendants. As such, it must be dismissed, as there can be but one suit for wrongful death in Mississippi.

### Rule of Decision

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (punctuation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is a "context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Id*. at 679.

The Court must "accept all well pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes*, 624 F.3d at 210. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc*., 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. It follows that "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (*citing Twombly*, 550 U.S. at 556). "Further, as the claims sound in fraud and negligent misrepresentation, Appellants must plead the misrepresentations with particularity under Fed. Rule Civ. Proc. 9(b)." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723-24 (5th Cir. 2003).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). In considering a motion to dismiss, we may "also consider '[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim.'" *Sligh v. City of Conroe*, 87 F.4th 290 (5th Cir. 2023); quoting *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (alteration in original) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). If an allegation is qualified by the contents of an exhibit attached to the pleadings, but the exhibit instead contradicts the allegation, "the exhibit and not the allegation controls." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

**Facts**

Plaintiff's instant suit is the second lawsuit filed against these Defendants arising out of the death of Jaylen Lewis on September 25, 2022. This suit [Doc. #1] was filed herein on September 24, 2025.

The first suit, brought by different Plaintiffs for the same alleged wrongful death, is still pending and active in the Circuit Court of Hinds County, Mississippi (First Judicial District); said first suit, like the instant suit, brought claims against these defendants under 42 U.S.C. §1983 for alleged violation of the Fourth Amendment rights of Plaintiff's decedent, Jaylen Lewis, and for supervisory and vicarious liability arising out of his death. This prior suit was removed to this Court in cause number 3:24-cv-076-TSL-ASH. On May 23, 2024, this Court dismissed [Doc. #23, Cause No. 3:24-cv-076-TSL-ASH] all federal claims arising out of the death of Jaylen Lewis *with prejudice*, remanding State Law claims to Hinds County Circuit Court where said prior suit is still pending and active.

Defendants Mississippi Department of Public Safety and Mississippi Capitol Police Department are agencies of the State of Mississippi; individual defendants are employees thereof who were, at all times mentioned in the Complaint, acting in the course and scope of their duties as law enforcement officers.

The instant Complaint alleges liability against Defendants herein under 42 U.S.C. §1983 for the alleged use of excessive force [Doc. #1, Count I, p. 7] as an alleged violation of the rights of Plaintiff's decedent, Jaylen Lewis, under the Fourth Amendment to the United States Constitution, so-called "Supervisory Liability" under 42 U.S.C. §1983 [Doc. #1, Count II, p. 9],

and *Monell*[1] liability against defendants Mississippi Department of Public Safety and the Mississippi Capitol Police Department [Doc. #1, Count III, p. 12].

On December 12, 2023, suit was filed against these Defendants in the Circuit Court of Hinds County, First Judicial District, and styled *Tierra Brown O/B/O Z'Hari Brown and as Personal Representative O/B/O the Wrongful Death Beneficiaries of Jaylen Lewis's* [sic] *Estate and Reylynn Jones O/B/O Minor Adelynn Jones v. Mississippi Department of Public Safety; Mississippi Capitol Police; Sean Tindall in his official capacity; Bo Luckey in his official capacity; Gov. Tate Reeves; and John Does 1-15 in their individual and official capacities,* which suit bears the cause number 25CI1:23-cv-00703 (hereinafter referred to as the 'prior suit'). A true copy of the complaint filed therein is attached to Defendants' instant motion as Exhibit 1.

As mentioned above, said prior suit was, after removal to this Court, dismissed by order of Hon. Tom Lee dated May 23, 2024 [Doc. #23, Cause No. 3:24-cv-076-TSL-ASH]. A true copy of said *Memorandum Opinion and Order* is attached to Defendants' instant motion as Exhibit 2. Therein, Judge Lee dismissed *with prejudice* Plaintiff's federal claims under 42 U.S.C. §1983 against these Defendants, and further exercised abstention from jurisdiction over Plaintiff's State Law claims, remanding the prior suit to Hinds County Circuit Court.

Said prior suit remains active upon the docket in Hinds County Circuit Court.

### 1. Plaintiff's federal claims against these Defendants are barred by the doctrine of Collateral Estoppel, and should be dismissed with prejudice.

Collateral Estoppel embraces the doctrine that estops a claim from being asserted by a party when that identical claim has been previously adjudicated against that party or his/her privy.[2]

---

[1] *Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658, 694 (1978).
[2] *Hicks v. Quaker Oats Company,* 622 F.2d 1158, 1166 (5th Cir. 1981).

Federal common law permits the use of collateral estoppel upon the showing of three necessary criteria.

(1) that the issue at stake be identical to the one involved in prior litigation;

(2) that the issue has been actually litigated in the prior litigation; and

(3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Hicks v. Quaker Oats Company,* 622 F.2d 1158, 1166 (5th Cir. 1981); see also *Freeman v. Lester Coggins Trucking, Inc*., 771 F.2d 860, 862 (5th Cir. 1985).

As is shown by a comparison of the Complaint filed in *Tierra Brown O/B/O Z'Hari Brown and as Personal Representative O/B/O the Wrongful Death Beneficiaries of Jaylen Lewiw's* [sic] *Estate and Reylynn Jones O/B/O Minor Adelynn Jones v. Mississippi Department of Public Safety;  Mississippi Capitol Police; Sean Tindall in his official capacity; Bo Luckey in his official capacity; Gov. Tate Reeves; and John Does 1-15 in their individual and official capacities* and removed to this Court, bearing cause number 3:24-cv-076-TSL-ASH (Exhibit 1 to Motion to Dismiss, referred to as the "prior lawsuit") with the Complaint filed in this instant litigation [Doc. #1], it is without dispute that the prior lawsuit and the instant lawsuit arise out of a common nucleus of operative fact, and that both suits were based upon claims arising out of the death of Jaylen Lewis on September 25, 2022. Both suits were brought by different representatives of the same wrongful death beneficiaries of Jaylen Lewis, and sought recovery of damages recoverable to wrongful death beneficiaries. Both suits sought to impose liability upon these defendants under 42 U.S.C. §1983 for the alleged denial of Jaylen Lewis' Fourth Amendment rights to be protected against excessive force applied by a state actor. While the named representative Plaintiff in the prior lawsuit differ from the named representative Plaintiff in the instant suit, the federal claims and recoverable damages, AND the parties represented by each set of Plaintiffs (wrongful death beneficiaries of Jaylen Lewis) are identical.

This Court dismissed Plaintiffs' federal claims in the prior lawsuit *with prejudice* (Exhibit 2, Motion to Dismiss) on May 23, 2024 [Doc. #23, Cause No. 3:24-cv-076-TSL-ASH], and remanded all state court claims to the Circuit Court of Hinds County where they still pend. The dismissal of federal claims in the prior lawsuit with prejudice finally determined those issues against the wrongful death beneficiaries of Jayden Lewis. No appeal was taken.

Those same claims are here asserted by the wrongful death beneficiaries of Jaylen Lewis against these defendants.

Under federal rules of collateral estoppel, Plaintiff in the instant lawsuit is prohibited from asserting those claims again against these same defendants. *Hardy v. Johns-Manville Sales Corporation,* 681 F.2d 334, 338 (5th Cir. 1982). Collateral estoppel should apply when both representatives are litigating identical factual and legal issues on behalf of the same wrongful death beneficiaries. Unlike cases involving different legal standards or policies, claims by different representatives of the same beneficiaries typically involve the same underlying facts, the same legal theories of recovery, and the same damages sought on behalf of the same parties. Under Fifth Circuit precedent, a right, question, or fact distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction collaterally estops a party or his privy from relitigating the issue in a subsequent action. *Freeman v. Lester Coggins Trucking, Inc*., 771 F.2d 860, 862 (5th Cir. 1985).

Collateral estoppel should apply to bar the instant Plaintiff's representative claim because the first representative adequately represented the same wrongful death beneficiaries' interests, creating privity between the representatives. The identical factual issues and legal standards, combined with the policy interests served by issue preclusion, support the application of collateral estoppel in this representative capacity context. Inasmuch as the identical issues

(violations of 42 U.S.C. §1983-Count Six, p. 8, prior suit) were finally resolved by dismissal with prejudice as against identical parties Plaintiff (the wrongful death beneficiaries of Jaylen Lewis, Plaintiff here is collaterally estopped from bringing her federal 42 U.S.C. §1983 claims against these defendants, and her Complaint herein should be dismissed with prejudice.

### Plaintiff's State Law Claims against these Defendants are barred by Mississippi jurisprudence that there can be but one suit for wrongful death

Mississippi law provides that there shall be but one suit for the wrongful death of another:

> [T]here shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned…

Miss. Code Ann. §11-7-13 (2025)

The Mississippi Supreme Court has definitively held that there can be but one suit for the wrongful death of another. The first court to properly take jurisdiction over any such suit has *exclusive* jurisdiction, and that any other subsequently-filed action for the same death shall be of no force or effect. *Long v. McKinney,* 897 So.2d 160, 174 (Miss. 2004)[3]:

> Because we hold that wrongful death claims must be brought in a single suit, there cannot be two suits to consolidate.  Where, as here, a second suit is filed, it is of no effect and should be dismissed.

Id.

Federal courts have determined that Mississippi law controls the "first to file" control of lawsuits. *Rampy ex rel. Rampy v. Austin,* 718 F.Supp. 556 (S.D. Miss. 1989) ("The Supreme Court of the State of Mississippi has clearly held that the wrongful death heir who first files a wrongful death claim is entitled to prosecute that claim to its conclusion."(citations omitted)).

---

[3] see also *Estate of Davis v. Blaylock,* 212 So.3d 755, 757 (Miss. 2017); *Jaquith Nursing Home v. Yarbrough,* 99 So.3d 745, 747 (Miss. 2012).

Accordingly, the instant suit, being the *second* suit filed for the same death, must be dismissed.

<h2 align="center">Conclusion</h2>

Plaintiff's Complaint herein should be dismissed because she is collaterally estopped from re-litigating her federal claims against these Defendants, and because a prior wrongful death claim has been filed and is pending against these Defendants.

THIS the 5th day of December, 2025.

> Mississippi Department of Public Safety;
> Mississippi Capitol Police Department;
> and Wesley Luckey
> Defendants
>
> By: */s/ Robert J. Dambrino III*
> Robert J. Dambrino III (MB#5783)
> Attorney for Defendants
> Mississippi Department of Public Safety;
> Mississippi Capitol Police Department;
> and Wesley Luckey

Of Counsel:

GORE, KILPATRICK & DAMBRINO PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.    662.226.1891
Fx.    662.226.2237
Eml.   rdambrino@gorekilpatrick.com

## CERTIFICATE OF SERVICE

I, the undersigned Robert J. Dambrino III, of counsel for Defendants, Mississippi Department of Public Safety, Mississippi Capitol Police, and Wesley Luckey, do hereby certify that I have this day filed the above and foregoing document via ECF which sends a true and correct copy thereof to all counsel of record herein.

This the 4th day of December, 2025.

/s/ Robert J. Dambrino III_____
Robert J. Dambrino III (MB#5783)