UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARKELA LEWIS PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-721-KHJ-MTP

STEVEN R. FREDERICK, JR., et al. DEFENDANTS

ORDER

Before the Court is Defendant Steven R. Frederick, Jr.'s ("Frederick") [10] Motion to Dismiss. For the reasons below, the Court denies the [10] Motion without prejudice.

This is the second lawsuit arising from an officer-involved shooting that killed Jaylen Lewis ("Jaylen"). Two women with whom Jaylen shared children filed the first one in state court in December 2023, asserting claims under 42 U.S.C. § 1983 and state law. *See Brown v. Miss. Dep't of Pub. Safety*, No. 23-703 (Hinds Cnty. Cir. Ct. Dec. 8, 2023). After the defendants removed to federal court, this Court ruled the Section 1983 claim incognizable, declined supplemental jurisdiction over the state-law claims, and remanded the case to state court. *See Brown v. Miss. Dep't of Pub. Safety*, No. 3:24-CV-76-TSL-ASH (S.D. Miss. May 23, 2024) ("*Brown*").

More than a year later, Jaylen's mother—Plaintiff Arkela Lewis ("Lewis")—filed this lawsuit. Compl. [1]. In addition to several *Brown* defendants, Lewis sued two that *Brown* omitted—Michael L. Rhinewalt ("Rhinewalt") and Steven R.

Frederick, Jr. ("Frederick"), the officers who shot Jaylen.[1] *Id.* at 1. Rhinewalt answered. *See* Answer [11]. Frederick moved to dismiss. *See* Mot. to Dismiss [10].

Frederick's [10] Motion raises four defenses. First, he says Mississippi law requires all wrongful-death claimants to proceed in a single lawsuit, so *Brown* is the only case that can stand. [10] at 1; Reply [24] at 1. Second, the Court's ruling that the *Brown* plaintiffs failed to state a Section 1983 claim against the *Brown* defendants collaterally estops Lewis's claims here. [10] at 1–2; [24] at 1–4. Third, immunity shields Frederick against "any state law claims." [10] at 2. Finally, Lewis's claims are time-barred. *Id.*

But the [10] Motion contravenes several procedural rules. First, Frederick failed to accompany the [10] Motion with "a memorandum brief in support of the motion." L.U. CIV. R. 7(b)(4). Second, the [10] Motion contains legal arguments and case-law citations which the Court's rules prohibit. L.U. CIV. R. 7(b)(2)(B). Said differently, Frederick raises four significant legal theories but offers insufficient support for them. Even though Frederick represents himself, he must, like all parties, follow the Court's rules. *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (per curiam).

Lewis does little to fill the gaps. *See* Resp. [22]; Mem. in Opp'n [23]. As to Frederick's single-lawsuit, immunity, and statute-of-limitations defenses, Lewis's

[1] Lewis also named the Mississippi Department of Public Safety, the Mississippi Capitol Police Department, and Chief Wesley Luckey as defendants. [1] at 1. She later stipulated to their dismissal, leaving only Frederick and Rhinewalt as defendants. *See* Stipulation [25]; Order [26].

[22] Response offers general denials but no substantive responses. [22] ¶¶ 2–3, 7. Her [23] Memorandum ignores those defenses entirely.[2] *See generally* [23]. And, although Lewis addresses Frederick's collateral-estoppel defense in more detail, at least part of her analysis is wrong.[3] *See id.* at 5–6.

The Court declines to resolve a dispositive motion that suffers from both procedural deficiencies and underdeveloped or inapplicable legal arguments. It, therefore, DENIES the [10] Motion without prejudice.

On or before August 7, 2026, Frederick shall either file an answer to the [1] Complaint or a renewed motion to dismiss that complies with the Federal Rules of Civil Procedure and this Court's local rules. If he chooses the latter, Frederick must accompany his motion with a memorandum that articulates his defenses with specificity; supports them with substantive legal analysis; gives the precise legal standards applicable to them; and cites controlling authority from the United States Supreme Court, the Fifth Circuit, or the Mississippi Supreme Court, as applicable,

---

[2] Not only did Lewis ignore Frederick's single-lawsuit argument, she arguably conceded it. Without explanation, Lewis changed her [23] Memorandum's caption—no longer indicating that she proceeds on behalf of Jaylen's wrongful death beneficiaries. *See* [23] at 1. The Court could construe this to mean that Lewis agrees with Frederick on this issue.

[3] Lewis opposes collateral estoppel because "Frederick is not in privity with any defendant in the *Brown* case." [23] at 5. She cites *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005), for the proposition that collateral estoppel only applies against one who was a party, or was privy to a party, in the prior litigation. [23] at 5. But no one asserts collateral estoppel against Frederick. Just the opposite, Frederick raises collateral estoppel against Lewis. Her role is the concern. *See United States v. Mollier*, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988) (defining "non-mutual collateral estoppel" as a principal "that if a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that same issue in a subsequent suit"). Lewis misses that issue.

and where none exists, persuasive authority with an explanation of why it should apply. The Court will afford little weight to vague, conclusory, or boilerplate arguments. The same rules apply to Lewis's response, if one becomes necessary, and to all the parties' future filings in this case.

In so ruling, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 17th day of July, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE